IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| William D. Caddell, | ) | Case No. 4:18-cv-00166-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| City of Conway, South Carolina; Tammy Lynn Carter; Cunha M. Juvenal; David Leon Bridges, Jr; | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants City of Conway, South Carolina and Tammy Lynn Carter's ("the Moving Defendants") motion for summary judgment. ECF No. 30. Plaintiff, through counsel, filed a response in opposition, and the Moving Defendants filed a reply. ECF Nos. 37, 39. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").

**APPLICABLE LAW AND ANALYSIS**

On March 18, 2019, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted with respect to Plaintiff's federal causes of action and this case be dismissed in the entirety. ECF No. 51. Despite being represented since the initiation of this action, Plaintiff filed pro se objections to the Report. ECF No. 53. Because he is still represented, these objections are not properly before the Court.

*See Shack v. Beaufort Cty. School Dist.*, C/A No. 9:11-cv-03201-DCN, 2015 WL 1011343, at *11 n. 1 (D.S.C. Mar. 15, 2015) (noting that there is no right to hybrid representation). Plaintiff filed 15 pages of objections and more than 100 pages of exhibits; he also provided audio exhibits. *See* ECF Nos. 53, 55. Plaintiff's counsel did not file objections on his behalf. On April 18, 2019, the Court held a phone conference with all counsel of record to discuss whether Plaintiff's counsel intended to file objections on his client's behalf. ECF No. 61. The deadline for filing objections was extended. *Id*. On April 26, 2019, Plaintiff's counsel filed objections essentially directing the Court to Plaintiff's previously filed pro se objections. ECF No. 65.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, this action was initiated by counsel on Plaintiff's behalf. Accordingly, the Court declines to liberally construe his Complaint. Despite the fact that Plaintiff has filed pro se objections while he remains represented by counsel, the Court has thoroughly reviewed his pro se objections as requested by his attorney. In his objections, Plaintiff states that his counsel declined to attach several of his exhibits to the response in opposition to the motion for summary judgment, which he now provides for the Court's review. He also takes issue with several statements by the Magistrate Judge; however, he fails to address any critical elements of the Magistrate Judge's legal analysis or conclusions.

The Court has conducted a de novo review of the record, the applicable law, and the Report of the Magistrate Judge; having done so, the undersigned agrees with the recommendations of the Magistrate Judge.

With respect to Plaintiff's claims for false imprisonment and false arrest under § 1983, as explained in detail by the Magistrate Judge, Plaintiff has provided no evidence that he was actually arrested or given any restrictions. *See Glass v. Anne Arundel Cty.*, 716 F. App'x 179, 180 n. 1 (4th Cir. 2018) (collecting cases; *Ryu v. Whitten*, 684 F. App'x 308, 311 (4th Cir. 2017) ("A summons requiring no more than a court appearance, without additional restrictions, does not constitute a Fourth Amendment seizure."). Moreover, because Plaintiff has not established a constitutional violation, the City of Conway is not liable for failing to train is employees under § 1983. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that municipal liability under § 1983 requires a finding of constitutional injury as a prerequisite).

Regarding civil conspiracy under § 1985, Plaintiff fails to provide any allegations that any Defendant held a "class-based, invidiously discriminatory animus" toward him or that he was deprived of equal protection. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citation omitted). Accordingly, Plaintiff's objections are overruled with respect to this claim. To the extent that Plaintiff intends to bring civil conspiracy as a state law cause of action, the Court will address this claim below.[1]

The Magistrate Judge recommends that, in the event the undersigned agrees that Plaintiff's federal causes of action should be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Upon consideration of "the convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and . . . judicial economy," the Court agrees it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Shanaghan v. Cahill*, 58 F.3d 106, 110, 110 (4th Cir. 1995).

## **CONCLUSION**

For the foregoing reasons the Court adopts the recommendation of the Magistrate Judge. The Moving Defendants' motion for summary judgment [51] is **GRANTED** with respect to Plaintiff's federal causes of action. Plaintiff's state law claims are **DISMISSED** without prejudice to his right to bring these claims in state court. As stated by the Magistrate Judge, because the same analysis would apply to Defendants Cunha M. Juvenal and David Leon Bridges, Jr, the remainder of Plaintiff's case is also **DISMISSED**.

---

[1] The Magistrate Judge notes that the complaint mentions 42 U.S.C. § 1981 but asserts no claims under this statute. Upon de novo review, the Court agrees.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 18, 2019
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.